UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: 31 TOZER ROAD, LLC, | * |
| Debtor. | * |
| 31 TOZER ROAD, LLC and MANUEL BARROS | * |
| Appellants, | * |
| v. | * Civil Action No. 17-cv-10013-IT |
| MARK GREENBERG and MICHAEL LAPIERRE, | * |
| Appellees. | * |

MEMORANDUM AND ORDER

TALWANI, D.J.

Before the court is an appeal of two orders of the United States Bankruptcy Court filed by Appellants 31 Tozer Road, LLC ("Tozer"), a Debtor-in-Bankruptcy, and Manuel Barros. Also before the court is Appellees Mark Greenberg and Michael LaPierre's Motion to Strike Portions of Appellants' Brief [#12].

I.  Background

Greenberg and LaPierre contend that a Security Purchase Agreement ("the Contract") afforded them a right to purchase equity in Tozer from Barros. After Tozer filed for bankruptcy, Greenberg and LaPierre sought a determination that the automatic stay imposed by the bankruptcy did not apply to the exercise of their contractual rights. In re 31 Tozer Road, No. 16-14309 (D. Mass. Bankruptcy Ct. Nov. 16, 2016) (Dkt. 10). On December 21, 2016, the Bankruptcy Court ruled that the automatic stay did not prevent Greenberg and LaPierre from exercising rights under the Contract. Id. The Bankruptcy Court abstained from resolving the

dispute over those rights under the Contract and instead suspended bankruptcy proceedings pending the state court resolution of the issue. Id. On December 28, 2016, the Bankruptcy Court denied a motion for clarification.

Barros and Tozer filed this appeal, seeking reversal of the Bankruptcy Court's finding that the automatic stay did not apply to prevent Greenberg and LaPierre from exercising their purchase rights, and the Bankruptcy Court's order suspending bankruptcy proceedings. See Appellants' Br. [#8]. Greenberg and LaPierre, in turn, filed a Motion to Strike Portions of Appellants' Brief [#12], asserting that certain arguments had not been raised below. The court directed Greenberg and LaPierre to respond to the arguments that they conceded were raised below, and deferred ruling on the motion to strike.

Meanwhile, Greenberg and LaPierre tendered payment for an equity interest in Tozer, and then commenced an action in state court, requesting a declaratory judgment that, under the Contract, they are now the rightful owners of an 80% membership interest in Tozer. Id. Greenberg v. Barros, 17-00002-BLS1 (Mass. Super. Ct. Sept. 8, 2017) (Dkt. 26). The Massachusetts Superior Court granted summary judgment to Greenberg and LaPierre in the state court action, finding that they are entitled to the membership interest in Tozer that they purchased pursuant to the purchase option in the Contract. Id.

II. Discussion

An automatic stay "springs into being immediately upon the filing of a bankruptcy petition" and "prevents creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts." In re Slabicki, 466 B.R. 572, 577 (B.A.P. 1st Cir. 2012); see 11 U.S.C. § 362(a). The purpose of the automatic stay is "to provide a fresh start to the honest debtor and to ensure a uniform distribution of nonexempt assets to creditors of

the same class." Id. (quoting In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009)). For this reason, the automatic stay is triggered by any "act against either the debtor, [the debtor's] property, or the property of [the debtor's] estate," but "does not bar acts against non-debtors." Id. at 580.

A debtor corporation does not have a property interest in its own equity, and the purchase of equity is not an act against the debtor or the debtor's property. See Decker v. Advantage Fund, Ltd., 362 F.3d 593, 596 (9th Cir. 2004) ("[U]nissued stock is not an interest of the debtor corporation in property; it is merely equity in the corporation itself."); Matter of Paso Del Norte Oil Co., 755 F.2d 421, 424 (5th Cir. 1985) ("It is widely recognized, and we have previously held, that a corporation, even if a debtor in bankruptcy, has no property interest in the shares of its stock owned by shareholders."). The Bankruptcy Court correctly concluded that the automatic did not prevent Greenberg and LaPierre from pursuing a judicial determination of their rights under the Contract to purchase equity in Tozer, or from exercising those purchase rights.

Appellants separately contend that the Bankruptcy Court abused its discretion by abstaining from deciding the rights of Barros, Greenberg, and LaPierre under the Contract and by suspending bankruptcy proceedings pending resolution of that dispute in state court. See Appellants' Br. 35-39 [#8]. This argument, too, is without merit. A bankruptcy court may choose to abstain or suspend proceedings under 11 U.S.C. § 305(a) based on a number of factors, including "(1) the purpose of the bankruptcy; (2) the necessity of federal proceedings to achieve a just and equitable solution; (3) the availability of another forum to resolve the unsettled issues; (4) the efficiency and economy of having the bankruptcy court settle the matter; (5) the possible prejudice to the various parties; and (6) whether the bankruptcy forum is being used to resolve what is in essence a two-party dispute." In re Efron, 529 B.R. 396, 405 (B.A.P. 1st 2015). The

3

Bankruptcy Court determined that the contract dispute was a dispute only among the current and potential equity owners, not a dispute with Tozer itself, and that it was in the best interest of Tozer and its creditors to obtain a state court determination of the various parties' equity interests in Tozer. As state courts are the authority on the interpretation of private contracts, see Volt Information Sciences, Inc., v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 474 (1989), the state court was a just, equitable, and efficient forum for the dispute.

Appellants offer additional arguments that are the subject of Appellee's motion to strike. First, Appellants contend that Greenberg and LaPierre cannot exercise their purchase rights under the Contract because Tozer is barred from issuing new membership interests other than under a plan of reorganization. This argument, along with all but one of the other arguments identified in the motion to strike, rests on the premise that Greenberg and LaPierre's exercise of their purchase rights would require Tozer to issue new membership interests.[1] The

---

[1] Specifically, in the second argument identified by in Appellees' motion to strike, Mot. to Strike 2 [#12], Appellants argue that the Bankruptcy Court erred in abstaining from determining the ownership of Tozer because the Bankruptcy Court made an "erroneous factual finding that the Debtor had no role in the issuance of new membership interests" under the Contract. Appellants' Br. 35 [#8]. In the third and fourth arguments identified, Mot. to Strike 2 [#12], Appellants argue that the exercise of the purchase options is barred by the automatic stay because "causing Tozer to issue and distribute new membership interests to Greenberg and LaPierre" is an act to obtain possession of property of the bankruptcy estate or to exercise control over property of the bankruptcy estate, Appellants' Br. 23-24 [#8]. In the fifth argument identified, Mot. to Strike 2 [#12], Appellants argue that Appellees' exercise of their purchase options should be barred by the automatic stay because "requiring Tozer, as the Debtor, to issue new membership interests . . . constitute the assertion of claims against the Debtor," Appellants' Br. 25 [#8]. In the seventh and ninth arguments identified, Appellants argue that Greenberg and LaPierre's exercise of their purchase option constitutes the assertion of a claim against Tozer and should therefore be subordinated to other creditors. Mot. to Strike 2-3 [#12]. In the eighth argument identified, Appellants argue that the exercise of the purchase options is void because it would require Tozer to purchase its stock. Mot. to Strike 3 [#12]. In the tenth argument identified, Appellants contend that Tozer is entitled to reject the Contract because it is an executory contract that would require Tozer to issue membership interests. Mot. to Strike 3 [#12]; Appellants' Br. 32-33 [#8].

4

Massachusetts Superior Court found, however, that the Contract does not require Tozer to issue new membership interests. Greenberg v. Barros, 17-00002-BLS1 (Mass. Super. Ct. Sept. 8, 2017) (Dkt. 26). In the final argument, Appellants argue that appellees lack any statutory ground for relief from the stay under 11 U.S.C. § 362(d). Mot. to Strike 3 [#12]. However, the Bankruptcy Court did not grant Appellees relief from the automatic stay under 11 U.S.C. § 362(d), but instead determined that the stay did not apply. As none of the ten arguments identified in the motion to strike would affect this court's ruling, the motion is DENIED as moot.

III.    Conclusion

In light of the foregoing, the December 21 and 28, 2016, orders of the Bankruptcy Court are AFFIRMED.

IT IS SO ORDERED.

January 9, 2018                                         /s/ Indira Talwani
                                                        United States District Judge